DREW, J., recused.

No. 3907

Second Circuit

(Second Division)

BOANNO v. COOPER

(December 9, 1931. Opinion and Decree.)

M. T. Monsour, of Shreveport, attorney for plaintiff, appellant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for defendant, appellee.

STEPHENS, J. Plaintiff sues to 'recover approximately 27.5 feet of block A, T. A. L. 35, of the city of Shreveport, La., alleging.that the defendant claims and possesses said property without right or title thereto. The defense is title by prescriptive possession under article 852 of the

Civil Code, and prescription of ten and thirty years' acquirendi causa.

The district court rejected plaintiff's demands, from which judgment he prosecutes this appeal.

The suit arises out of an error in the original survey and plat of said T. A. L. 35. This subdivision was laid out by Leavenworth, surveyor, June 10, 1869, as shown by plat thereof, duly filed and recorded in the conveyance records of Caddo parish, La. A recent survey of the property by H. E. Barnes, city engineer, disclosed an error of 27.5 feet in Mr. Leavenworth's survey; lot 32 of the original survey encroaching to that extent upon lot 33, as shown by the recent survey.

Plaintiff is the owner of lot 33 and defendant of lot 32 of the subdivision; Collie Houston being their common author in title, through whose last will and testament the property was acquired by defendant and plaintiff's vendors. Collie Houston acquired the property from Mrs. Cintha. H. Weaver, his mother, on June 12, 1909. Mrs. Cintha H. Weaver acquired lot 32 on June 23, 1888, from the succession of Fred Klump, and lot 33 on June 5, 1889, from Collie H. Glass.

Lots 32 and 33 were both possessed under inclosures by Mrs. Cintha H. Weaver and Collie Houston, her son, continuously from 1888 to the latter's death on June 8, 1919; the possession being in accordance with the Leavenworth survey. After Collie Houston's death, the defendant and Belle Lowery, his legatees, took possession of the property in accordance with the Leavenworth survey and the occupational lines long theretofore established. The two lots were by them divided by a center line, as provided by the will, Belle Lowery receiving and taking possession of lot 33 and the defendant lot 32. Both lots were thus possessed by their respective owners in accordance with the occupational lines under the Leavenworth survey until the death of Belle Lowery in 1928. On May 10, 1928, Grace Williams and Sophie Boatner, heirs of Belle Lowery, sold lot 33 to Peter W. Woodruff, who, on February 18, 1929, sold it to Fred Boanno, plaintiff herein.

Thus, it was established that both lots 32 and 33 were possessed by the respective owners thereof, including plaintiff, under visible bounds and occupational lines established in accordance with the Leavenworth survey, from 1888 until the filing of this suit, December 27, 1929, which is more than forty years.

It is significant that the heirs of Belle Lowery dealt with lot 33 in the sale thereof to Peter W. Woodruff in accordance with the Leavenworth survey of said subdivision, the deed specifically referring thereto, and that plaintiff herein himself acquired said property from Peter W. Woodruff in accordance with the Leavenworth survey, his deed likewise specifically referring thereto.

The only disputed question of fact in the case is wherein lies the error in the Leavenworth survey?

The plaintiff contends that the error in the survey exists only on the ground, and the defendant contends that it is in the recorded plat of the survey, and that the lines as laid out on the ground are in accordance with the plat.

The defendant's position is supported by the testimony of Mr. Barnes, plaintiff's witness, and also by Mr. Martin. There is no other evidence in the record on the question.

If the plaintiff's position was correct on

this question, the plea of prescription of ten years' acquirendi causa could not successfully be asserted, as the title by which defendant acquired would not be translative of the property which he has possessed for the prescriptive period, but, as his position is incorrect, the error being one of description, and the possession being in exact accord with that description, the plea is well founded if the other elements which constitute the prescription were present, and they admittedly were present. The possession was for the required period in unquestioned good faith, and the object was susceptible to acquisition by prescription.

To put the matter more simply and specifically, the deeds by which Mrs. Cintha H. Weaver and Collie Houston acquired title were translative of the property possessed for the reason that they described the lots with reference to the recorded plat of the subdivision of ten-acre lot 35 of the city of Shreveport, and the possession as shown by the evidence was in accordance with the description in the deeds. The subdivision was created under the Leavenworth survey, and until recently no other survey or evidence thereof existed which purported to divide ten-acre lot 35 into lots. It is no more pertinent to the issue here presented whether the Leavenworth survey was correct or erroneous than whether the vendors named in the deeds were the owners of the property described therein. To determine the question of whether the deeds were translative of the property, the important inquiry is whether they are regular on their face and embrace the property delivered thereby and possessed thereunder. Neither was defective on its face, and each covered the two lots in question to the limits of their bounds on the ground as per the plat and survey referred to.

We are of the opinion that the plea of prescription of ten years' acquirendi causa should be sustained, and that the judgment of the district court rejecting plaintiff's demands is therefore correct and should be affirmed, and it is so ordered.